UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONARD DONNELL WILKINS,

                Plaintiff,

-against-

EVAN WILLNER; MS. WADE, JUSTICE;
JOHN DOE, D.A.,

                Defendants.

22-CV-2215 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated at the Vernon C. Bain Center, brings this *pro se* action seeking damages for violations of his federal constitutional rights. He asserts claims against his defense counsel, a prosecuting attorney, and a state court judge who presided over Plaintiff's criminal proceedings. By order dated March 22, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiff Leonard Wilkins is a pretrial detainee with two pending criminal matters in the New York Supreme Court, New York County. According to public records of the New York State Unified Court System, Plaintiff faces charges, under case number 03522-2019, arising out of an incident on October 2, 2019. Evan Willner of the Legal Aid Society currently represents Plaintiff in that matter and Corey Briskin is the assigned Assistant District Attorney (ADA).

Plaintiff also faces charges, under case number 19261C-2021, arising from incidents on August 20, 2021. The Legal Aid Society is listed as defense counsel of record and, according to Plaintiff, the defense attorney who initially handled the case has relinquished it to attorney Evan Willner. In both criminal matters, Justice Laura Ward initially presided and Justice N. Ross is currently presiding. Plaintiff brings this suit against Defendants Evan Willner, "John Doe" ADA, and Justice "Wade," which appears to be a reference to Justice Laura Ward.

Plaintiff contends that defense counsel Willner "sabotaged" Plaintiff's release on bail. Willner allegedly told "Condy," an individual who intended to post bail for Plaintiff, that "[i]f [Plaintiff] failed to come to court, they'd come after [Condy] for the $18k balance of [his] bail." (Compl., ECF 2 at 36.) Plaintiff alleges that, as a result, bail was not posted and he remains at Rikers Island, where he was infected twice with Covid-19. Moreover, Willner urged Plaintiff to accept an unfavorable plea deal to resolve both criminal cases. (*Id.* at 40-42.) Willner also allegedly failed to give Plaintiff a copy of the felony arrest report and waived Plaintiff's right to appear before the Grand Jury. (*Id.* at 45.) Plaintiff argues that Willner is acting as if he were an "auxiliary ADA," and that he is incompetent, racist, or both. (*Id.* at 43.)

"John Doe" ADA allegedly conspired with defense counsel to deprive Plaintiff of his right to testify before the Grand Jury. (*Id.* at 4.) Plaintiff asserts claims against Justice Ward for allegedly "knowingly and willingly" allowing defense counsel and the ADA to deprive Plaintiff of his right to testify before the Grand Jury.

Plaintiff seeks damages of $9 million from defense counsel Willner, and $1 million from the ADA, and urges that they be disbarred and criminally prosecuted. Plaintiff also seeks $1 million in damages from Justice Ward, and asks that she be required to step down from the bench.

## DISCUSSION

Plaintiff seeks damages for alleged violations of his federal constitutional rights, and the Court therefore construes Plaintiff's allegations as arising under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a person acting under the color of state law (a "state actor") violated a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**A.     Judicial Immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Plaintiff sues Justice Ward for her actions in ruling on matters related to his Grand Jury proceedings. Because these claims involve "acts arising out of, or related to, individual cases

before [her]," Justice Ward is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Justice Ward under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**B.    Prosecutorial Immunity**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). Prosecutors are also absolutely immune from suit for administrative acts that are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs were entitled to absolute immunity for providing direction as to where criminal defendant would be arraigned because this constituted preparation for a court proceeding in which they were acting as advocates).

Here, Plaintiff seeks money damages from Defendant "John Doe" ADA based on his actions within the scope of his official duties and associated with the Grand Jury proceedings. A prosecutor is entitled to absolute immunity for such functions, and Plaintiff's claims must therefore be dismissed on the grounds that he seeks monetary relief against a defendant who is

4

immune from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").[2]

## C. Defense Counsel

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), an attorney's representation of a defendant in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also*

---

[2] Insofar as Plaintiff sues Justice Ward and ADA John Doe in their official capacities for their actions related to his criminal proceedings, they are state agents and entitled to Eleventh Amendment immunity from a suit for damages in federal court. *See Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (dismissing official-capacity claims for damages against District Attorney under the Eleventh Amendment); *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988) (holding that when prosecuting a criminal matter, New York prosecutors act on behalf of the State, not the county in which they serve).

*Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that a legal aid organization ordinarily is not a state actor for purposes of § 1983).

Legal Aid Attorney Evan Willner is a private party, and he does not function as a "state actor" when representing Plaintiff in criminal proceedings. *See Polk Cty.*, 454 U.S. at 325 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Plaintiff alleges that Defendant Willner took certain actions that Plaintiff viewed as collaborating with the prosecutor (*e.g.*, waiving Plaintiff's right to appear before the Grand Jury, and urging Plaintiff to accept prosecutor's plea offer), but Plaintiff does not plausibly allege that Defendant Willner conspired to violate his rights or took "concerted action" of the type that would render defense counsel a state actor. Because Defendant Willner is not a state actor, Plaintiff fails to state a claim against him under section 1983, and the Court dismisses these claims. 28 U.S.C. § 1915(e)(2)(b)(ii).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); 28 U.S.C. § 1367(c)(3)(providing that a district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction"). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

### D.     Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's complaint gives no indication that it can be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.[3]

### CONCLUSION

Plaintiff's claims under 42 U.S.C. § 1983 are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court declines, under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 4, 2022
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge

---

[3] Plaintiff's remedy at this stage for alleged violations of his rights in his criminal proceedings, to the extent that he seeks relief other than damages, is to raise his concerns in those pending proceedings.